```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

ROBERT M. SANCHO,                :
                                 :
     Plaintiff,                  :
                                 :
     v.                          :      CASE NO. 3:05CV883 (RNC)
                                 :
HOLLY DAVIDSON, et al.,          :
                                 :
     Defendants.                 :
```

RULING ON MOTION FOR PAYMENT OF COSTS OF SERVICE

Pending before the court is plaintiff's Motion for Payment of Costs of Service (doc. #9). The motion is GRANTED IN PART as follows.

This action was commenced on June 2, 2005. Two days later, counsel for the plaintiff mailed a copy of the complaint, two copies of a Notice of Lawsuit, two forms for waiver of service of summons and a stamped self-addressed envelope to the defendant Kathleen Narwold. (Doc. #9 at 1.) The defendant Narwold did not sign and return the waiver of service of summons. On June 15, 2005, plaintiff's counsel sent defendant Narwold a letter requesting that she return the waiver of service or else be responsible for paying the costs of service. (Doc. #47, Ex. A.) Defendant Narwold subsequently retained counsel, who communicated with plaintiff's counsel but never returned the waiver of service. On or about July 12, 2005, plaintiff served defendant Narwold at her place of business. (Doc. #10, Ex. D.) On August 1, 2005, the plaintiff filed the instant motion seeking reimbursement for the

expense incurred in serving the plaintiff.

In her opposition to the motion, defendant Narwold contends that she should not be responsible for the costs of service because her counsel "did not suggest in any way that service was defective or had not been accomplished." (Doc. #10 at 1.) Defendant contends that a simple phone call would have resolved the issue of service, and that the only reason to serve the defendant Narwold after she had retained counsel was to embarrass her in front of her co-workers. (Id.)

Fed. R. Civ. P. 4(d) states that if a defendant "fails to comply with a request for waiver made by a plaintiff located within the United States, the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown." The defendant has failed to establish good cause for not returning the waiver of service.

Accordingly, the defendant shall be responsible for $50.80 for the cost of service plus $137.50 for attorneys fees,[1] for a total award of $188.30.

---

[1] In her motion, plaintiff's counsel requests compensation for a half-hour of her time billed at a rate of $350/hour. Based on its familiarity with the file, the complexity of the case and the law involved, the court finds that $275 is a reasonable hourly fee under the circumstances. See Evanauskas v. Strumpf, No. Civ. A. 300CV1106 (JCH), 2001 WL 777477 (D. Conn. June 27, 2001) (awarding Attorney Faulkner $275 per hour). Plaintiff is entitled to one half hour at $275/hour, or $137.50.

SO ORDERED at Hartford, Connecticut this 13th day of March, 2006.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge